**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCISCO ROSARIO,             :

                                     :     Civil Action No. 10-3110  (JAP)

              Plaintiff,       :

                                     :

              v.              :     **OPINION**

                                     :

DEVON BROWN, et al.,           :

                                     :

              Defendants.     :

**APPEARANCES:**

      Plaintiff pro se
      Francisco Rosario
      SBI 173712B/290257
      Northern State Prison
      168 Frontage Road
      Newark, NJ 07114

**PISANO**, District Judge

      Plaintiff Francisco Rosario, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff has filed numerous letters over the course of two years with regard to his attempts to bring claims before this Court. The Court had previously dismissed the matter on two occasions, <u>see</u> docket entry numbers 2, 10, for Plaintiff's failure to comply with Court order directing Plaintiff to submit his filings in English and to either pay the filing fee or submit a completed application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a). Plaintiff has never filed an official Complaint setting forth his allegations, but he as filed numerous letters and has now filed a completed application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a). Since <u>in forma pauperis</u> status may now be granted, this Court must screen Plaintiff's allegations. However, that task presents a problem since Plaintiff's allegations have never been presented in the concise, straightforward manner as required by the Federal Rules of Civil Procedure, particularly Rule 8 which requires "a short and plain statement of the claim" which would show that Plaintiff is entitled to relief as against each Defendant. <u>See</u> Rule 8 of the Federal Rules of Civil Procedure. Given the Court's duty to construe liberally in favor of the Plaintiff, <u>see infra</u>, this Court will, however, construe Plaintiff's numerous letters as his Complaint and subsequent Amended Complaints.[1]

---

[1]Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6

Looking to Plaintiff's filing entered on the docket 7/28/2011, docket entry number 9, as his most recently filed Amended Complaint, the facts appear to be as follows.  Plaintiff states that officials at Rahway State Prison gave him "poison food called [unintelligible]."  He states that he was operated on in twenty surgeries, describing that he was "operated on from [his] heart and neck where they took [his] vein from [his] feet and placed it on [his] neck" and stating that he was also "operated from the lower part of [his] testicles."  Plaintiff does not provide any further details as to these allegations.

II.     STANDARD OF REVIEW

A.     Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

---

Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 556 U.S. 677-679. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.      Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory ... subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law.  See West v. Atkins, 487

U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994); Malleus v.

George, 641 F.3d 560, 563 (3d Cir. 2011).

III.  DISCUSSION

Given the requirement of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must

present facts sufficient to show that each defendant would be liable for the claims presented

against him or her by Plaintiff, see Rule 8 of the Federal Rules of Civil Procedure, this Court

finds that Plaintiff's claims are not factually sufficient to proceed past the screening stage at this

time, as Plaintiff has not alleged a deprivation of a constitutional right committed by any person

acting under state law.  See 42 U.S.C. § 1983.

By the very limited facts stated, Plaintiff has not shown that he is entitled to relief

pursuant to Iqbal, which requires that a Plaintiff demonstrate that the allegations of his complaint

are plausible.  See Iqbal, 556 U.S. at 677-79.  Plaintiff's statement that he was poisoned does not

5

include any facts to support the claim.  A bare, conclusory statement such as the one Plaintiff

makes is not sufficient to prevent dismissal on that issue.

Further, Plaintiff's allegations with respect to medical issues do not show any indication

of a constitutional violation.  Simply stating that he has been subject to twenty surgeries, and

provided limited facts related to two of the surgeries, does not indicate that any defendant's

action rises to the level of constitutional violation.  No facts presented suggest any constitutional

violation.  The Eighth Amendment to the United States Constitution, applicable to the individual

states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual

punishment" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).

This proscription against cruel and unusual punishment requires that prison officials provide

inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-104 (1976).  However,

the Amended Complaint does not present any facts alleging that Plaintiff has not been provided

with adequate medical care.

Accordingly, Plaintiff's claims will be dismissed for failure to state a claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in

forma pauperis and dismisses the Complaint without prejudice, pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[2]  However, because it is

---

[2]  The Court notes that "'[g]enerally, an order which dismisses a complaint without
prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff
without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's
order finally resolved the case."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)
(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).
In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-
open these claims in accordance with the court rules.

conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file an amended complaint.  An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: January 22, 2013